**JACOB SINCOFF, Inc.**

**v.**

**COMMISSIONER OF INTERNAL REVENUE.**

**No. 126, Docket 22842.**

United States Court of Appeals
Second Circuit.

Argued Dec. 16, 1953.

Decided Dec. 31, 1953.

J. H. Landman, New York City (Nathan B. Kogan, New York City, of counsel), for petitioner.

H. Brian Holland, Ellis N. Slack, Robert N. Anderson and James Q. Riordan, Washington, D. C., for respondent.

Before CLARK, FRANK and HINCKS, Circuit Judges.

FRANK, Circuit Judge.

■ The facts are stated in the Findings and Opinion of the Tax Court, reported in 20 T.C. 288. With reference to the liability under § 102, I.R.C. 26 U.S. C.A. § 102, taxpayer had the burden of overcoming the effect not only of the Commissioner's determination but also the additional burden created by § 102 (c).[1] On the basis of the Tax Court's findings, which are amply supported by the evidence, taxpayer did not meet those requirements. Especially, as a considerable part of the evidence consisted of oral testimony of witnesses seen and heard by Judge Murdock, we cannot upset his findings, and we accept his logically inferred legal conclusion.

■ We agree with the decision, and Judge Murdock's reasoning, that the margin contract with the broker did not constitute indebtedness within I.R.C. § 719(a) (1), 26 U.S.C.A. § 719(a) (1) and 35.719a of Regulation 112. We need only add that we think the decision not at odds with Brewster Shirt Corp. v. Commissioner, 2 Cir., 159 F.2d 227, 229. For there, in holding that a factoring agreement constituted a "mortgage" within § 719(a) (1), we said that to hold otherwise would be "to subject Factoring Agreements to burdensome excess profits taxes", and added: "Factoring Agreements are common enough but are frequently entered into by persons of only moderate financial strength who cannot

1. Section 102(c) reads: "The fact that the earnings or profits of a corporation are permitted to accumulate beyond the reasonable needs of the business shall be determinative of the purpose to avoid surtax upon shareholders unless the corporation by the clear preponderance of the evidence shall prove to the contrary."

See also § 102(b) which reads: "The fact that any corporation is a mere holding or investment company shall be prima facie evidence of a purpose to avoid surtax upon shareholders."

obtain the money they need from commercial banks and must borrow at higher cost from institutions having greater freedom in the risks they may take when making loans. We cannot suppose that it was the intention of Congress to subject security given under Factoring Agreements to a form of taxation which would in effect discriminate against those arrangements in favor of secured bank loans, especially when borrowers from Factors are a class frequently least able to bear the burden." Obviously, such a rationale has no application to a margin transaction with a broker.

Affirmed.